FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 JUN 29 PM 1:22
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MELISHA L. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 112-006 |
| | ) | (Formerly CR 111-136) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Melisha L. Johnson, an inmate at Lee Arrendale State Prison in Alto, Georgia,[1] has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her federal sentence. This case is now before the Court on Respondent's motion to dismiss Petitioner's § 2255 motion. (Doc. no. 5.) Petitioner opposes the motion to dismiss. (Doc. no. 12.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that the instant § 2255 motion be **DISMISSED** without an evidentiary hearing, and that this civil action be **CLOSED**.

I. **BACKGROUND**

In April of 2011, the government filed a single-count information charging Petitioner

---

[1]Petitioner is incarcerated at a state facility because, in addition to the federal sentence that she seeks to collaterally attack in this action, she is serving a sentence on state convictions. (See doc. no. 15.)

with the offense of wire fraud, in violation of 18 U.S.C. § 1343. United States v. Johnson, CR 111-136, doc. no. 1 (S.D. Ga. Apr. 5, 2011) (hereinafter "CR 111-136"). Pursuant to a written plea agreement, Petitioner pled guilty to the sole count charged. Id., doc. nos. 15, 16. Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> Understanding that 18 U.S.C. § 3742 provides for an appeal by a defendant of the sentence under certain circumstances, as a part of this agreement and in consideration for the government's promises hereunder, to the maximum extent permitted by federal law, Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: Defendant may file a direct appeal of her sentence if it exceeds the statutory maximum; and Defendant may file a direct appeal of her sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

Id., doc. no. 15, pp. 6-7. In addition, by signing the plea agreement, Petitioner attested that she had read and understood the plea agreement, and that the plea agreement accurately set forth the terms and conditions of her agreement with the government. Id. at 13.

The Honorable Dudley H. Bowen, Jr., United States District Judge, held a guilty plea hearing on May 4, 2011. During that hearing, Petitioner testified under oath that she had been afforded sufficient time to discuss and prepare for the matter with her attorney, and she further affirmed that she was entirely satisfied with her attorney's handling of her case. Id., doc. no. 37, p. 6. Judge Bowen explained at the guilty plea hearing that the maximum penalty for Petitioner's crime was a 20-year term of imprisonment, along with a fine of not more than $250,000.00 and a term of supervised release of not more than three years. Id. at 12. Petitioner affirmed that she understood the maximum penalty for her conviction. Id.

Judge Bowen also explained the rights that Petitioner would waive by pleading guilty, and Petitioner affirmed that she understood those rights. Id. at 12-13.

In addition, Judge Bowen summarized the terms of the plea agreement, specifically addressing the appeal and collateral attack waiver as follows:

> [Y]ou have agreed to waive any right to appeal in this case. And that includes a waiver or giving up any right to appeal the sentence and any right to challenge the fact of conviction by habeas corpus or other post-conviction relief.
> Now, those waivers are conditional to the extent that if for some reason I impose a sentence that went above the guideline range or went above the statutory penalty, you would get your right to appeal back. That would be returned to you. But you would have no right to challenge the fact of conviction by way of habeas corpus or otherwise.

Id. at 15. Petitioner affirmed that she understood this explanation of the plea agreement, including the appeal and collateral attack waiver. Id. at 15.

Furthermore, in response to questions asked by Judge Bowen, Petitioner averred that no one had forced or pressured her to plead guilty and that no one had "given [her] any other deal or promise or hope of benefit in order to get [her] to plead guilty." Id. at 14, 16. She further swore that no one had "given [her] any prediction or prophesy or guarantee about what sentence [Judge Bowen] would actually impose in [her] case." Id. at 16. Following a government witness's presentation of a factual basis for the guilty plea, Judge Bowen asked Petitioner if she still wanted to plead guilty in a manner consistent with her plea agreement, to which Petitioner responded, "I want to plead guilty, sir." Id. at 27.

After the guilty plea hearing, the United States Probation Office prepared a presentence investigation report ("PSI"), to which neither party objected. During Petitioner's sentencing hearing, which was held on August 31, 2011, Judge Bowen found, consistent with

the PSI, that Petitioner had a total offense level of 26 and a criminal history category of VI, which resulted in an advisory Sentencing Guidelines range of 120 to 150 months of imprisonment, as well as $12,500.00 to $125,000.00 in fines and $409,495.84 in restitution. Id., doc. no. 110, pp. 3-4. Judge Bowen sentenced Petitioner to serve a 144-month term of imprisonment and to pay restitution in the amount of $409,495.84.[2] Id., doc. no. 22. Consistent with her plea agreement, Petitioner did not appeal.[3]

Petitioner then proceeded file the instant § 2255 motion, which is dated January 5, 2012, and was received and filed by the Clerk of Court on January 12, 2012. (Doc. no. 1, pp. 1, 13.) Petitioner raises five grounds for relief. In Ground One, she claims that her guilty plea was not entered knowingly and voluntarily. In Ground Two, she asserts that her conviction was obtained in violation of her Fifth Amendment right against self-incrimination. In Ground Three, she claims that the prosecutor failed to disclose evidence favorable to her. In Ground Four, she asserts that her counsel provided ineffective assistance by telling her "numerous" unspecified "lies"; by advising her to cooperate with federal agents; by not communicating sufficiently with her and her family; by not defending her or gathering "any evidence . . . favorable to [her] case"; and by failing to provide her with information about the hours spent and fees earned on her case. In Ground Five, she claims that her counsel provided ineffective assistance in that he "did not file [her] appeal." (Id. at 7-11.) In its motion to dismiss, Respondent contends that Petitioner's § 2255 motion should be dismissed

---

[2]Judge Bowen refrained from imposing a fine so as not to impede the payment of restitution. (CR 111-136, doc. no. 39, p. 19.)

[3]Petitioner filed a motion to modify her sentence, which Judge Bowen denied in an Order issued on March 2, 2012. (Doc. nos. 35, 40.)

4

because all her claims are either without merit or barred by the collateral attack waiver in her plea agreement. (See doc. no. 5, pp. 4-14, 21-25.) Respondent also argues that Petitioner's guilty plea resulted in a waiver of all non-jurisdictional defects prior to her plea. (Id. at 19-20.) As noted above, Petitioner filed a response to the motion to dismiss, which includes a request for an evidentiary hearing. (Doc. no. 12.) The Court resolves the matter as follows.

## II. DISCUSSION

### A. No Need For Evidentiary Hearing

Petitioner requests an evidentiary hearing in her response to Respondent's motion to dismiss. (Id. at 3.) With regard to that request, the Eleventh Circuit follows the general rule "that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. Stated another way:

> Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish [her] right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.

Stephens v. United States, 14 F. Supp.2d 1322, 1334 (N.D. Ga. 1998) (citation omitted).

As described in detail below, the Court finds that Petitioner's § 2255 claims, including her claims of ineffective assistance of counsel, are barred from review or are affirmatively contradicted by the record. Thus, no evidentiary hearing is necessary in this

5

case. Accordingly, Petitioner's request for an evidentiary hearing should be denied.[4]

### B. Petitioner's Guilty Plea Was Knowing and Voluntary Such That She Is Not Entitled to Relief on Ground One

In Ground One of her § 2255 motion, Petitioner claims that her guilty plea was not knowing and voluntary because she did not understand the nature of the charge to which she pled guilty or the consequences of her plea. In support of this assertion, Petitioner alleges that her counsel told her that her guilty plea would result in a sentence of 18 to 24 months of imprisonment and that other parties to her offense would be charged such that she would not have to pay the restitution alone. Petitioner further alleges that her counsel told her that she would receive credit for time served and that she would receive a lenient sentence because of her cooperation. (Doc. no. 1, p. 7.) Respondent contends that Ground One lacks merit because the record affirmatively contradicts Petitioner's allegations and establishes that Petitioner's guilty plea was knowing and voluntary. (Doc. no. 5, pp. 4-7.) Respondent has the better argument.

Once a guilty plea becomes final, unless the record demonstrates that the sentencing court lacked the power to enter the conviction or impose the sentence, a petitioner may only challenge the knowing, voluntary nature of the plea. United States v. Broce, 488 U.S. 563,

---

[4]Following Petitioner's response to Respondent's motion to dismiss, she filed a "Motion To Request for Federal Hold To Be Released." In that motion, Petitioner states that she is currently in state custody and that a federal detainer has been filed against her so that upon her release from state custody she will begin to serve her federal sentence. Petitioner states that she anticipates being released from state custody in the near future, and she asks that the Court order that her federal detainer be removed and that she be released from custody pending her evidentiary hearing. However, as explained herein, Petitioner is not entitled to an evidentiary hearing. Indeed, as explained below, she is not entitled to any form of relief based on the claims set forth in her § 2255 motion. Therefore, her "Motion To Request for Federal Hold To Be Released" should be **DENIED**. (Doc. no. 15.)

6

574 (1989). In conducting its analysis, the Court starts with the proposition that a trial court may not accept a guilty plea without an affirmative showing on the record that the plea was intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The Eleventh Circuit has described the requirements for a valid guilty plea as follows:

> "The Fourteenth Amendment Due Process Clause requires that a plea of guilty be knowingly and voluntarily entered because it involves a waiver of a number of the defendant's constitutional rights." A plea of guilty "cannot support a judgment of guilt unless it was voluntary in a constitutional sense." Aside from the obvious involuntariness of a coerced plea, the Supreme Court has identified two other ways that a defendant's guilty plea may be involuntary in a constitutional sense:
>
>> A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that [she] is waiving, or because [she] has such an incomplete understanding of the charge that [her] plea cannot stand as an intelligent admission of guilt. Without adequate notice of the nature of the charge against [her], or proof that [she] in fact understood the charge, the plea cannot be voluntary in this latter sense.
>
> As the Supreme Court has plainly instructed, the voluntariness requirement is not satisfied unless the defendant receives real notice of the true nature of the charged crime: "[C]learly the plea could not be voluntary in the sense that it constituted an intelligent admission that [she] committed the offense unless the defendant received 'real notice of the true nature of the charge against [her], the first and most universally recognized requirement of due process.'"

United States v. Brown, 117 F.3d 471, 476 (11th Cir. 1997) (internal citations omitted). The Eleventh Circuit has further explained that, for a guilty plea to be made knowingly and voluntarily, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters [her] guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of [her]

7

plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). In addition, "a defendant who seeks reversal of [her] conviction after a guilty plea . . . must show a reasonable probability that, but for the error, [she] would not have entered the plea." Id. at 1020 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)).

Here, the extensive plea colloquy conducted by Judge Bowen addresses each of the aforementioned "core principles." Moriarty, 429 F.3d at 1019. Judge Bowen informed Petitioner in clear terms of the charge against her and the maximum statutory penalty that might be imposed in the event of Petitioner's conviction, and Petitioner testified that she understood the charge and the maximum penalty that might be imposed. CR 111-136, doc. no. 37, p. 12. Judge Bowen also provided a detailed explanation of the rights that Petitioner would forfeit by pleading guilty; Petitioner stated that she understood the rights she would waive by pleading guilty. Id. at 12-13. In addition, Petitioner testified that no one had forced or pressured her to plead guilty and that no one had "given [her] any other deal or promise or hope of benefit in order to get [her] to plead guilty." Id. at 14, 16. She further swore that no one had "given [her] any prediction or prophesy or guarantee about what sentence [Judge Bowen] would actually impose in [her] case." Id. at 16.

In short, Judge Bowen's thorough plea colloquy ensured that Petitioner's guilty plea was free from coercion and that Petitioner understood both the nature of the charge to which she was pleading guilty and the consequences of her plea. See Moriarty, 429 F.3d at 1019. The record is therefore clear as to the intelligent and voluntary entry of Petitioner's guilty plea, and Petitioner fails to show otherwise by alleging that her counsel made misrepresentations about her guilty plea, including that she would receive a sentence of 18

8

to 24 months of imprisonment. (See doc. no. 1, p. 7; doc. no. 12, pp. 5-6.) As the government persuasively argues (see doc. no. 5, p. 28), these allegations directly contradict Petitioner's sworn testimony during the guilty plea hearing that no one had "given [her] any other deal or promise or hope of benefit in order to get [her] to plead guilty," and that no one had "given [her] any prediction or prophesy or guarantee about what sentence [Judge Bowen] would actually impose in [her] case." CR 111-136, doc. no. 37, p. 16. While Petitioner would have the Court ignore her responses to Judge Bowen's questions, "solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) ("[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that [she] swore falsely." (citing United States v. Barrett, 514 F.2d 1241, 1243 (5th Cir. 1975))).

Furthermore, Petitioner's bare allegation in her response to the motion to dismiss that she "would have [gone] to trial" had she known she were going to receive a 144-month sentence falls well short of establishing a reasonable probability that she would not have pled guilty absent her counsel's purported misrepresentations, especially given her unwavering admission of guilt. See Moriarty, 429 F.3d at 1020.

Accordingly, the Court finds that Petitioner's guilty plea was entered knowingly and voluntarily. Therefore, Ground One of Petitioner's § 2255 motion is without merit.

### C. Grounds Two Through Five Are Barred by the Collateral Attack Waiver in Petitioner's Plea Agreement

Respondent asserts that because Petitioner knowingly and voluntarily waived her right to collaterally attack her conviction and sentence, Grounds Two through Five of her § 2255 motion are barred from review. (Doc. no. 5, pp. 8-19.) In response, Petitioner asserts that her collateral attack waiver was not knowing and voluntary because it was based on her counsel's verbal representation that she would receive a sentence of 18 to 24 months of imprisonment if she pled guilty. (Doc. no. 12, p. 3.) Again, Respondent has the better argument.

It is well settled that a waiver of the right to collaterally attack a sentence is only enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993).[5] "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden in the instant case, then Petitioner's claims are barred from review. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166

---

[5]Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. See Bushert, 997 F.2d at 1345; see also Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-67 (N.D. Ga. 2004).

F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Here, Respondent has met its burden in demonstrating the existence of a valid collateral attack waiver. The plea agreement signed by Petitioner explicitly set forth that she "voluntarily and expressly waive[d] the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding." CR 111-136, doc. no. 15, pp. 6-7. Moreover, Judge Bowen thoroughly reviewed the terms of the plea agreement during the plea colloquy, with particular emphasis on the significance of the appeal and collateral attack waiver provision. Id., doc. no. 37, p. 15. After Judge Bowen concluded his review of the plea agreement, Petitioner acknowledged that she understood and agreed with the terms of the plea agreement as explained by Judge Bowen. Id.

The record before the Court therefore demonstrates that the collateral attack waiver was knowing and voluntary. As explained above, see supra Part II.B, Petitioner cannot escape her waiver by alleging that her counsel represented that she would receive a less harsh sentence, as her sworn testimony during the guilty plea hearing directly contradicts that allegation. See Blackledge, 431 U.S. at 74; Stitzer, 785 F.2d at 1514 n.4. Thus, the Court concludes that the collateral attack waiver is valid such that Grounds Two through Five are barred from review.[6]

---

[6]Because Petitioner's claim in Ground One relates to the validity Petitioner's guilty plea, as explained below, it would not be barred even by a valid collateral attack waiver. However, the Court has already determined that Ground One lacks merit. See supra Part II.B.

11

In making this determination, the Court is aware that Grounds Four and Five of Petitioner's § 2255 motion consist of claims of ineffective assistance of counsel. "An ineffective assistance of counsel argument survives a waiver of appeal [or collateral attack] only when the claimed assistance directly affected the validity of that waiver or the plea itself." Williams v. United States, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) (quoting United States v. White, 307 F.3d 506, 508-09 (5th Cir. 2002)).

Here, Petitioner asserts in Ground Four that her counsel provided ineffective assistance by telling her "numerous" unspecified "lies"; by advising her to cooperate with federal agents; by not communicating sufficiently with her and her family; by not defending her or gathering "any evidence . . . favorable to [her] case"; by failing to provide her with information regarding the hours spent and fees earned on her case. (Doc. no. 1, p. 10.) Because these allegations, the majority of which are vague and conclusory, do not call into question the validity of Petitioner's guilty plea or collateral attack waiver,[7] Petitioner's collateral attack waiver bars her claim in Ground Four. See Williams, 396 F.3d at 1342 n.2.

The same is true of Ground Five, in which Petitioner alleges that "[her] attorney did not file [her] appeal." (Doc. no. 1, p. 11.) Although the Eleventh Circuit has not addressed this exact issue,[8] the rationale from Williams applies with respect to this claim. Because the

---

[7]To the extent that Petitioner seeks to reassert in Ground Four the allegations from Ground One regarding her counsel's purported misrepresentations as to the sentence she would receive, such allegations fail to give rise to a meritorious claim because, as explained above, they are contradicted by Petitioner's sworn testimony from her guilty plea hearing. See supra Part II.B.

[8]This Court encountered a materially similar issue in a previous § 2255 action, in which it recommended that the petitioner's ineffective assistance of counsel claim for failing to consult about a direct appeal following sentencing was barred by his collateral attack

12

claim does not relate to the validity of the guilty plea or the waiver in the plea agreement, it is barred by the collateral attack waiver. See Williams, 396 F.3d at 1342 n.2; United States v. Falcon-Sanchez, 416 F. App'x 728, 730 (10th Cir. 2011) (holding that ineffective assistance claim based on counsel's failure to file notice of appeal as instructed by petitioner was barred by collateral attack waiver because the claim "[did] not relate to the validity of the plea or the waiver"); see also United States v. Morgan, 284 F. App'x 79, 83, 87 (4th Cir. 2008) (holding that ineffective assistance claim based on counsel's failure to file appeal was barred by collateral attack waiver); Skaggs v. United States, 104 F. App'x 462, 463 (6th Cir. 2004) (same). But see United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007) (holding that ineffective assistance claim based on counsel's failure to file appeal was not barred by appeal and collateral attack waiver).

Additionally, as Respondent points out (see doc. no. 5, pp. 12-14), the determination that Petitioner's claim in Ground Five is barred by the collateral attack waiver does not run afoul of the decision in United States v. Gomez-Diaz, 433 F.3d 788 (11th Cir. 2005). In that case, the Eleventh Circuit held that a § 2255 petitioner who had entered into a valid appeal waiver did not have to show a meritorious ground for appeal in order to prevail on a claim that her counsel was ineffective for failing to file a notice of appeal when instructed to do so. Id. at 793-94. In contrast to the issue addressed in Gomez-Diaz, the determinative question

---

waiver. Jones v. United States, CV 111-102, doc. no. 6, pp. 8-11. The Honorable J. Randal Hall, United States District Judge, adopted the Court's recommendation over the petitioner's objections and granted a certificate of appealability as to the issue of whether the collateral attack waiver barred the ineffective assistance claim for failure to consult about a direct appeal. Id., doc. no. 9. Jones is currently on appeal before the Eleventh Circuit. Jones v. United States, No. 12-10562 (11th Cir. May 23, 2012).

in the instant case is whether, assuming the truth of Petitioner's allegation that her counsel improperly failed to file an appeal, Petitioner is nevertheless barred from raising a claim of ineffective assistance of counsel by a valid waiver of her right to collaterally attack her conviction and sentence.

In other words, the Gomez-Diaz decision focused on the waiver of the petitioner's right to file a *direct appeal* – in particular, whether the existence of a *direct appeal* waiver precluded an ineffective assistance of counsel claim absent a showing of a meritorious ground for appeal. See id. The focus of the instant case is the *collateral attack* waiver. That waiver represents a forfeiture of the right to collaterally attack any error – even a "blatant error" such as counsel's failure to consult about a direct appeal – that does not fall within the previously discussed exception from Williams, *supra*. See United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999) (reasoning that a waiver of the right to pursue an appeal or collateral attack "includes a waiver of the right to appeal [or collaterally attack] blatant error"). Therefore, following the rationale of Williams, the Court concludes that enforcement of the collateral attack waiver as to Ground Five of the instant § 2255 motion does not contradict the Eleventh Circuit's holding in Gomez-Diaz.[9]

---

[9] Of note, in reaching its decision in Gomez-Diaz, the Eleventh Circuit announced that its opinion was in accord with the Tenth Circuit's treatment of the same issue in United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005). The Tenth Circuit later clarified its decision in Garrett in addressing the issue presented in the instant case, and proceeded to hold that claims of ineffective assistance of counsel premised on counsel's failure to file a notice of appeal are barred by a valid collateral attack waiver. Falcon-Sanchez, 416 F. App'x at 730-31. Thus, the Tenth Circuit's case law concerning these issues further illustrates that the Court's determination in the instant case is in harmony with the Eleventh Circuit's decision in Gomez-Diaz. But see Roberson v. United States, CV 611-108, 2011 U.S. Dist. LEXIS 137517, at *6-7 (S.D. Ga. Nov. 30, 2011) (Edenfield, J.) (concluding that the holding from Gomez-Diaz applies in the context of a collateral attack waiver).

In sum, the Court concludes that Ground One of Petitioner's § 2255 motion is without merit and that Grounds Two through Five are barred by the collateral attack waiver in Petitioner's plea agreement. As a result, Respondent's motion to dismiss the petition in its entirety should be granted.[10]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** (doc. no. 5), that Petitioner's "Motion To Request for Federal Hold To Be Released" be **DENIED** (doc. no. 15), that the instant § 2255 motion be **DISMISSED** without an evidentiary hearing, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 29th day of June, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[10]Having determined that Respondent's motion to dismiss should be granted for the reasons discussed herein, the Court does not reach Respondent's remaining arguments for the dismissal of Petitioner's § 2255 motion.

15